IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED PIPE & SUPPLY
COMPANY, INC., an Alabama
Corporation,

  Plaintiff,

v.              CASE NO.: 0:22-cv-60401

MURPHY PIPELINE CONTRACTORS,
LLC, a Delaware limited liability company,
f/k/a MURPHY PIPELINE CONTRACTORS,
INC., a Florida corporation; BERKLEY
INSURANCE COMPANY, a Delaware corporation;
and ANDREW J. MAYER, an individual
Florida resident;

  Defendants.
_____/

## COMPLAINT

Plaintiff Consolidated Pipe & Supply Company, Inc. ("CPS") sues Defendants Murphy Pipeline Contractors, LLC f/k/a Murphy Pipeline Contractors, Inc. ("MPC"); Berkley Insurance Company ("Berkley") and Andrew J. Mayer and says:

### PARTIES, JURISIDCTION AND VENUE

1. CPS is a corporation organized under the laws of the state of Alabama with its principal place of business in Birmingham, Alabama. CPS supplies construction materials and is authorized to and conducts business in the State of Florida.

2. MPC is a Delaware limited liability company with its principal place of business in Duval County, Florida. MPC is registered to do business in Florida and conducts and engages in business in Florida. MPC has two members, Andrew Mayer and Taylor

1

Morris, both of whom are individual Florida citizens residing in Duval County, Florida. This Court has personal jurisdiction over MPC as the causes of action detailed below arise from MPC and MPC's former entity, Murphy Pipeline Contractors Inc., conducting and engaging in business in the State of Florida, including contracting with CPS for the provision of pipe and supplies for a construction project in Florida.

3. Murphy Pipeline Contractors Inc. ("MPC, Inc.") was a corporation organized under the laws of the State of Florida, with its principal place of business in Duval County, Florida. On or about August 18, 2020, after contracting for the construction project and furnishing the payment bond as described herein, MPC Inc. filed with the Florida Secretary of State to effect a corporate conversion pursuant to section 607.11930, *et seq.,* Florida Statutes. This converted MPC Inc. from its then status as a Florida domestic corporation to a foreign eligible entity, Murphy Pipeline Contractors, LLC, a Delaware limited liability company. Pursuant to this conversion and section 607.11935, Florida Statutes, MPC is deemed to be the same entity as MPC Inc., without interruption, and all debts, obligations and liabilities of MPC Inc. remain debts, obligations and liabilities of MPC.

4. Andrew J. Mayer is an individual Florida resident residing in Duval County, Florida, who is a managing member of MPC, was an officer of MPC Inc., and who guaranteed MPC Inc.'s promises of payment to CPS. This Court has personal jurisdiction over Andrew J. Mayer based on his Florida domicile and his contract to guarantee MPC Inc.'s payment to CPS for a Florida project.

5. Berkley is a compensated surety and a corporation organized under the laws of the state of Delaware with its principal place of business in Greenwich, Connecticut.

Berkley is authorized to and conducts business in the State of Florida, and is authorized by the Florida Department of Financial Services to write surety bonds in Florida. This Court has personal jurisdiction over Berkley as the causes of action detailed below arise from Berkley conducting and engaging in business in the State of Florida, and through its contracting for insurance in the State of Florida and providing surety bonds for the construction project described herein.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is a complete diversity of citizenship between the Plaintiff and all Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Venue is proper pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to the claims in this Complaint occurred in the Southern District of Florida, in Broward County, where the Project is located and where CPS's supplies were incorporated into the Project. The Payment Bond being sued on in this Complaint is a statutory bond, subject to section 255.05(5), Florida Statutes, which provides that action on the Payment Bond may be brought in the county in which the public work is constructed, in this case, Broward County, Florida. Both MPC and Berkley have significant contacts within the Southern District, with both engaging in business in Broward County, including MPC's contracting with the City of Ft. Lauderdale for the Project and MPC and Berkley furnishing the Payment Bond for the Project.

GENERAL ALLEGATIONS

8. On or about January 2020, MPC Inc. contracted with the City of Fort Lauderdale for MPC Inc. to construct the Northside Force Main Project, the installation of a 42-inch force main from the Coral Ridge County Club to a new connection being constructed as part of the

Southside Force Main Project, just south of the intersection of N.E. 9th Street and 15th Avenue in Ft. Lauderdale, Broward County, Florida, also known as the Redundant Bypass project ("Project").

9. As required by Florida law, MPC Inc. furnished a payment bond for its work on the Project. The payment bond was issued by Berkely, as surety, MPC Inc. as principal, and the City of Fort Lauderdale as Owner and obligee in the amount of $24,420,716.00 ("Payment Bond"). The Payment Bond was recorded in the Broward County Official Records. A true and correct copy of the Payment Bond is attached as Exhibit "B."

10. The Payment Bond is a statutory bond under section 255.05, Florida Statutes, conditioned upon MPC Inc. making prompt payments to claimants supplying MPC Inc. with labor, material and supplies, used directly or indirectly in prosecution of the Project.

11. MPC Inc. had a line of credit with CPS obtained via an Application for Credit ("Credit Application") which is attached as Exhibit "A." To induce CPS to sell construction materials to MPC Inc. on credit, MPC Inc. agreed in the Credit Application to pay CPS within 30 days of receipt of CPS's invoice for goods sold and delivered; to pay finance charges of 1.5% per month if an invoice was not paid within 30 days; and that if invoices were not timely paid MPC, Inc. would be responsible for all costs of collection, including a reasonable attorneys' fee.

12. As part of MPC Inc.'s Credit Application, Andrew J. Mayer provided a personal guaranty to CPS, by which Andrew J. Mayer guaranteed the full and prompt payment of all sums that may become due to CPS from MPC Inc., including payment for materials furnished to MPC, Inc., finance charges accruing to MPC, Inc., and all costs of collection, including a

reasonable attorneys' fee accruing to MPC, Inc. ("Unconditional Guaranty"). The Unconditional Guaranty terms are included in Exhibit A.

13. From March 2020 through March 2021, MPC Inc. ordered pipe and supplies from CPS for the Project, which CPS delivered and invoiced for, in the total principal amount of $4,528,543.60. These items furnished by CPS were ordered for, used for, and incorporated into the Project.

14. Despite demand by CPS, MPC has failed to pay CPS's invoices in full and make payment consistent with the terms of the Credit Application. The amount due and owing to CPS as of January 31, 2022 is $323,321.97, comprised of pipe and supplies in the amount of $262,933.54, plus finance charges of $60,388.43. Finance charges after January 31, 2022 continue to accrue at the rate of 1.5% per month until paid.

15. All conditions precedent to bringing this action and to recovering the damages sought in this Complaint have occurred, have been satisfied, or have been waived.

16. CPS has hired the undersigned attorneys to pursue collection of the amounts owed to CPS and has agreed to pay undersigned attorneys a reasonable fee for such services, inclusive of presuit fees incurred in seeking collection.

## COUNT ONE
(BREACH OF CONTRACT AGAINST MPC)

17. Paragraphs 1, 2, 3, 6-8, 11, and 13-16 of this Complaint are incorporated by reference as if fully set forth.

18. MPC, Inc. ordered pipe and supplies from CPS pursuant to the Credit Application, which provides the terms for the contract between CPS and MPC, Inc. for the delivery of materials by CPS to MPC, Inc. for the Project.

19. CPS supplied pipe and supplies ordered by MPC, Inc. pursuant to the Credit Application from March 2020 through March 2021, and invoiced for the same.

20. MPC has failed to pay outstanding invoices in the amount of $262,933.54, and failed to pay finance charges as agreed, breaching the terms of the Credit Application.

21. MPC owes CPS the principal amount of $262,933.54, plus finance charges of $60,388.43 through January 31, 2022, plus continuing finance charges after January 31, 2022 accruing at the rate of 1.5% per month pursuant to the Credit Application until paid in full.

22. Pursuant to the Credit Application, MPC is liable to CPS for all legal fees and costs incurred by CPS in collecting monies owed to CPS.

WHEREFORE, CPS demands judgment against MPC for the principal amount of $262,933.54; finance charges of $60,388.43 through January 31, 2022; continuing finance charges accruing after January 31, 2022 at the rate of 1.5% per month to the date of judgment; CPS reasonable attorneys' fees and costs of collection incurred by CPS in pursuing recovery; the costs of this action; postjudgment interest at the rate agreed to in the Credit Application; and such further consistent relief as considered just.

**COUNT TWO**
(OPEN ACCOUNT AGAINST MPC)

23. Paragraphs 1-3, 6-8, 11, and 13-16 of this Complaint are incorporated by reference as if fully set forth.

24. MPC, Inc. ordered pipe and supplies from CPS on a commercial account for CPS to provide pipe and supplies for the Project. The terms applicable to that commercial account agreement are set forth in Exhibit A. The account is evidenced by the statement of open account dated February 22, 2022, attached as Exhibit "C."

25. MPC has failed and refused to pay the above-referenced account, and, as a result, CPS is owed $323,321.97 as of February 22, 2022, the balance set forth in the statement of open account, comprised of the principal amount of $262,933.54; finance charges of $60,388.43 through January 31, 2022; and continuing finance charges after January 31, 2022 accruing at the rate of 1.5% per month through the date of judgment and after until paid in full.

WHEREFORE, CPS demands judgment against MPC for the balance owed on the account of $323,321.97, comprised of the principal amount of $262,933.54 and finance charges of $60,388.43 through January 31, 2022; continuing finance charges after January 31, 2022 accruing at the rate of 1.5% per month to the date of judgment; CPS's reasonable attorneys' fees and costs of collection incurred by CPS in pursuing recovery; the costs of this action; postjudgment interest; and such further consistent relief as considered just.

### COUNT THREE
(QUANTUM MERUIT CLAIM AGAINST MPC)

26. Paragraphs 1-3, 6-8, and 13-15 of this Complaint are incorporated by reference as if fully set forth.

27. MPC Inc. requested and ordered pipe and supplies from CPS for improvements to the Project, and MPC Inc. agreed to pay CPS for those materials.

28. CPS supplied the pipe and supplies ordered by MPC Inc. for the Project.

29. The reasonable value of the materials ordered by MPC Inc. and supplied by CPS for the Project that MPC has not paid total $262,933.54.

30. MPC has not paid CPS for the materials valued at $262,933.54.

31. MPC has gained the material benefit of the materials provided by CPS for the

Project, without paying therefor.

32. MPC is liable to CPS for the reasonable value of materials furnished in the amount of $262,933.54.

WHEREFORE, CPS demands judgment against MPC for $262,933.54; prejudgment and postjudgment interest thereon; the costs of this action; and such further consistent relief as considered just.

**COUNT FOUR**
(CLAIM ON PAYMENT BOND AGAINST MPC AND BERKLEY)

33. Paragraphs 1-3, 5-11, and 13-15 of this Complaint are incorporated by reference as if fully set forth.

34. The Payment Bond provided by MPC Inc., as principal, and Berkley, as surety, is for the benefit of suppliers such as CPS providing labor, equipment or materials for the Project and CPS is a claimant entitled to protection under the Payment Bond. Pursuant to section 255.05, Florida Statutes, CPS has a cause of action against MPC, Inc. and Berkley for the amounts due to it, including unpaid finance charges due under CPS' contract with MPC, Inc., attached as Exhibit A. Alternatively, the Payment Bond provides for interest on amounts due under it at the rate of 15% per annum. Pursuant to section 255.05, Florida Statutes, CPS is also entitled to recover a reasonable fee for the services of its attorney.

35. CPS first furnished materials to the Project in March 2020 and last furnished such materials in March 2021. CPS was not required to provide a notice to owner, a notice to contractor, or a notice of nonpayment because it is in privity with MPC, Inc.

36. Although not required, CPS provided notice of the nonpayment and a demand to MPC and Berkley following final furnishing and later completed a proof of claim at

Berkley's request. Despite the notice and demand, neither MPC nor Berkley has paid CPS the monies owed.

37. MPC and Berkley have failed to pay CPS in breach of their obligations under the Payment Bond. MPC and Berkley are jointly and severally liable under the Payment Bond for the principal amount of $262,933.54 and finance charges of $60,388.43 through January 31, 2022 and continuing finance charges after January 31, 2022 accruing at the rate of 1.5% per month to the date of judgment and thereafter until paid.

WHEREFORE, CPS demands judgment against MPC and Berkley, jointly and severally, in the amount of $323,321.97, comprised of the principal amount of $262,933.54 and finance charges of $60,388.43 through January 31, 2022; continuing finance charges after January 31, 2022 accruing at the rate of 1.5% per month to the date of judgment and thereafter until paid in full; CPS' reasonable attorneys' fees and costs of collection incurred by CPS in pursuing recovery; the costs of this action; postjudgment interest; and such further consistent relief as considered just.

## COUNT FIVE
(CLAIM ON PERSONAL GUARANTY AGAINST MAYER)

38. Paragraphs 1-4, 6-8, and 11-16 of this Complaint are incorporated by reference as if fully set forth.

39. Andrew J. Mayer, MPC, Inc.'s President, executed the Unconditional Guaranty in the Credit Application for MPC, Inc., personally guarantying the full and prompt payment of all sums that may become due to CPS from MPC, Inc.

40. Pursuant to the Credit Agreement, MPC, Inc. agreed to timely pay CPS for all materials supplied by CPS to MPC, Inc., and to pay finance charges at the rate of one and

9

one-half percent per month if not paid within 30 days of invoice.

41. MPC, Inc. is in breach of the Credit Agreement and owes CPS the principal amount of $262,933.54 and finance charges of $60,388.43 through January 31, 2022; continuing finance charges of 1.5% per month to the date of judgment; attorneys' fees; all costs of collection incurred in seeking payment; and postjudgment interest.

42. Andrew J. Mayer is personally liable to CPS for all amounts owed by MPC, Inc. to CPS under the Unconditional Guaranty. Despite demand, Mayer has failed to pay CPS monies owed by MPC, Inc. to CPS as required under the Unconditional Guaranty.

WHEREFORE, CPS demands judgment against Andrew J. Mayer for $323,321.97, comprised of the principal amount of $262,933.54 and finance charges of $60,388.43 through January 31, 2022; continuing finance charges after January 31, 2022 accruing at the rate of 1.5% per month to the date of judgment; CPS's reasonable attorneys' fees and costs of collection incurred by CPS in pursuing recovery; the costs of this action; postjudgment interest; and such further consistent relief as considered just.

Respectfully submitted this 22nd day of February, 2022.

**SMITH, CURRIE & HANCOCK LLP**

_____
S. Elysha Luken
Florida Bar No. 172650
101 N.E. Third Avenue, Suite 1910
Ft. Lauderdale, FL 33301
Telephone: (954) 761-8700
Facsimile: (954) 524-6927
Email: seluken@smithcurrie.com
*Attorneys for Plaintiff*
*Consolidated Pipe & Supply Company, Inc.*